**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-4196 |
| | (D.C. No. 2:11-CR-00811-DN-PMW-4) |
| JOHAN ZUNIGA-TOLEDO, | (D. Utah) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Johan Zuniga-Toledo pleaded guilty to possession with intent to distribute

500 grams or more of methamphetamine and conspiracy to commit money

laundering. He was sentenced to 120 months' imprisonment and 60 months'

supervised release. Although his plea agreement contained a waiver of his appellate

rights, Mr. Zuniga-Toledo has filed an appeal challenging his sentence. The

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (internal quotation marks omitted).

In his docketing statement, Mr. Zuniga-Toledo—who is represented by counsel—states that he is raising the following issues on appeal: (1) whether the district court properly calculated his sentencing guideline range, and (2) whether his sentence was reasonable. After the government moved to enforce Mr. Zuniga-Toledo's appeal waiver, his attorney filed a response, stating that there is no basis to dispute the government's motion:

> [His] plea, along with his waiver of appeal rights, was knowingly and voluntarily entered. This appeal falls within the explicit terms of the appeal waiver he accepted in exchange for the United States' promises in that plea agreement. The United States appears to have complied

- 2 -

with its obligations under the agreement . . . . Further, the record in this case does not disclose any reasonable basis for asserting that enforcement of the plea waiver "would result in a miscarriage of justice" as described in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Resp. at 1.

We agree with counsel that there is no basis for Mr. Zuniga-Toledo to contest the government's motion to enforce. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam
